OPINION JUDGMENT ENTRY
{¶ 1} Intervener the Stark County Department of Job and Family Services appeals a judgment of the Court of Common Pleas, Family Court Division, of Stark County, Ohio, which dismissed its action against defendant Rose Porter, finding the court lacked jurisdiction over the matter. Appellant assigns a single error to the trial court:
 {¶ 2} "The trial court erred in dismissing, for lack of jurisdiction csea's motion to recoup monies wrongfully forwarded to defendant."
 {¶ 3} The record indicates appellee Porter and James Porter, were married in 1973. In 1992, James Porter died. From June 4, 2001 through April 8, 2002, appellant mistakenly forwarded child support checks to appellee because they were paid by another obligor also named James Porter. After attempting to recover the money itself, CSEA filed a motion in Family Court to recoup monies wrongfully forwarded. The magistrate to which this matter was referred found it lacked jurisdiction over this matter, and the trial court adopted the magistrate's decision over the objection of CSEA.
 {¶ 4} Although this situation has probably arisen before, this court could find no cases on point. However, there are a myriad of cases where an obligor has returned to family court to recoup money which CSEA wrongfully collected.
 {¶ 5} The Revised Code gives the domestic relations and juvenile courts jurisdiction over cases involving support orders. It is clear from the record that CSEA believed it was forwarding money to appellee pursuant to a support order. Appellee's remarks at the hearing before the magistrate, indicated she did not know why the checks arrived, but believed they were properly sent to her.
 {¶ 6} At the hearing, the magistrate questioned whether the legislature intended situations like this to go through the courts or just through administrative processes. The magistrate speculated on the record the matter might be administrative only.
 {¶ 7} We find the Family Court Division of the Common Pleas Court was the appropriate forum for this matter to be resolved. The issue is not conceptually different from one where the obligor simply overpaid. Accordingly, the assignment of error is sustained.
 {¶ 8} For the foregoing reasons, the judgment of the Court of Common Pleas, Family Court Division, of Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
Gwin, P.J., and Farmer, J., concur.
Hoffman, J., dissents